## DRAKE v. HAGAN.

### (*Nashville.*   January   25,   1902.)

1. PRINCIPAL AND AGENT.   *Agent's liability defined.*

   An agent is responsible to his principal, but not to third persons, for the consequences of nonfeasance, or mere omission in the performance of duty; but he is responsible to third persons for the consequences of misfeasance, or positive wrong in the performance of duty resulting in injury to such third person.

   Cases cited: Erwin *v.* Davenport, 9 Heis., 45; Elmore *v.* Brooks, 6 Heis., 48; Deadrick *v.* Bank, 100 Tenn., 458.

2. DECLARATION.   *Fails to state cause of action against agent.*

   Hence a declaration in an action by a third person against an agent is fatally defective which avers injury only from the agent's failure to perform his duty.

---

FROM   DAVIDSON.

---

Appeal in error from the Circuit Court of Davidson County.   JOHN W. CHILDRESS, J.

RUTHERFORD & RUTHERFORD for Drake.

A. C. MERRITT and W. R. CHAMBERS for Hagan.

McAlister, J. This cause was decided on demurrer, and is now before us on the sufficiency of the declaration. The demurrer was sustained in the Court below and the suit dismissed.

The declaration alleges that defendant, A. M. Hagan, as a real estate agent, had charge of a house and lot belonging to his co-defendant, Mrs. C. H. Hagan, leasing the same to tenants and collecting rents; that it was the duty of both defendants to keep the premises in good repair and in a safe and habitable condition, and notify tenants of defective and dangerous places on the premises; that a certain drain or sewer covered with planks was out of repair on the premises; that defendants knew, or by reasonable care could have known, of said defect, and concealed the same from plaintiffs when they moved into the premises, and failed to notify them of the same at that time or afterward; that plaintiff, Emma Drake, fell into the drain in consequence of its defective condition and sustained personal injuries.

A non-suit was taken in the Court below as to Mrs. C. H. Hagan, the owner of the premises. An amended declaration was filed, reciting the fact that Mrs. Hagan resided in Shelby County, and charging that defendant, A. M. Hagan, was in as full and complete control of the premises as if he were owner. The gravamen of the action was then charged in this count substantially as laid in the first count.

The defendant, A. M. Hagan, the agent, demurred to the declaration on the ground that it shows on its face that A. M. Hagan leased the premises to plaintiff as agent of Mrs. C. H. Hagan, and it fails to state any facts showing it to be the duty of defendant, as agent, to keep said premises in repair, or to point out defects therein to tenants. It is true the declaration alleges that it was the duty of the agent to keep the premises in repair and point out dangerous places to tenants, but this was merely the statement of a legal conclusion, since no facts are stated in the declaration charging the agent with any such duty, and, at most, the facts stated simply charge the agent with nonfeasance, and not with misfeasance or malfeasance.

"A bare allegation of duty alone is insufficient without an allegation of facts sufficient to create the duty, the obligation being but an inference of law arising from the facts." Am. & Eng. Ency. Pl. & Pr., Vol. 12, p. 1040.

"The allegation of duty standing alone will not sustain or aid a pleading; the sufficiency of the pleading, or declaration, must be determined upon the facts from which the duty is deduced." Black's Accident Cases, Sec. 150, note 8.

It will be observed that the declaration herein does not allege misfeasance or any positive wrong on the part of the agent, but only that he failed to repair and give notice of the dangerous .

condition of the premises. We think the law is well settled that the agent is not liable under such circumstances. The rule is well stated by Mr. Meachem, in his work on Agency, viz.: "As has been seen, it is the general rule that an agent is not liable to third persons for injuries received by them in consequence of his not performing some duty which he owed to his principal."

. The rule and the reason for it are well stated in a recent case in Louisiana: "At common law, an agent is personally responsible to third parties for doing something which he ought not to have done, but not for not doing something which he ought to have done; the agent in the latter case being liable to his principal only. For nonfeasance, or mere neglect in the performance of duty, the responsibility therefore must arise from some express or implied obligation between particular parties standing in privity of law or contract with each other. No man is bound to answer for such violation of duty or obligation except to those to whom he has become directly bound or amenable for his conduct. . . . An agent is not responsible to third persons for any negligence in the performance of duties devolving upon him purely from his agency, since he cannot, as agent, be subject to any obligations toward third persons, other than those of his principal. Those

Drake *v.* Hagan.

duties are not imposed upon him by law. He has agreed with no one, except his principal, to perform them. In failing to do so, he wrongs no one but his principal, who alone can hold him responsible."

"In determining the liability of an agent to third persons for damages resulting from his conduct as agent, a distinction is usually drawn between those cases in which the injury complained of is the result of mere nonfeasance or omission of duty on the part of the agent in the course of his employment, where such default does not amount to misfeasance, and those in which the injury arises from some act of misfeasance or positive wrong on his part."

"With reference to the former class of cases, the established doctrine is that the agent's liability is solely to his principal, there being no privity between him and third persons, but only between him and his principal. Hence, as to all such negligences and omissions of duty, the agent is not liable to third persons, but the general maxim *respondeat superior* applies." Am. & Eng. Ency. L., Vol. 1, p. 1131 (2d ed.); Sherman and Redfield on Negligence (5th ed.), Sec. 243.

Lord Holt, in *Lane* v. *Cotton,* 12 Md. R., 488, said that for neglect in an agent there is no remedy against him, because his neglect is only chargeable on his master or principal. But for a misfeasance, an action will lie against a

servant or deputy, but not as a servant or dep-uty, but as a wrong-doer.

The decisions of this Court announce the same rule.

*Erwin* v. *Davenport,* 9 Heis., 45; *Elmore* v. *Brooks,* 6 Heis.; 48; *Deaderick* v. *Bank,* 16 Pick., 458-461. The authorities cited from other States, which apparently announce a contrary rule, are not in accord with our decisions. The result is the judgment is affirmed.