ARTHUR JOHNSON v. HAMILTON COUNTY.*

(*Knoxville.* September Term, 1927.)

Opinion filed, December 19, 1927.

1. PERSONAL INJURIES. COUNTY. DECLARATION. DE-
   MURRER.

A declaration which alleges negligence of the County in that it
failed to build, erect and prepare a safe place for the confine-
ment of insane patients, and in permitting same to be dan-
gerous and unsafe on account of the presence of razor blades
where the patients had access to them is subject to demurrer.
(Post, p. 299.)

Citing: Vance v. Shelby County, 152 Tenn. (25 Thomp.), 141.

2. COUNTY. PERSONAL INJURIES. NEGLIGENCE. DE-
   FECTS IN THE CONSTRUCTION OF HOSPITAL. FACTS.

A county cannot be held liable in damages for an injury caused to
a patient by a defect in the construction or maintenance of a
building. (Post, p. 300.)

Citing: Chandler v. Davidson County, 142 Tenn. (15 Thomp.), 266.

3. COUNTY EMPLOYEE. PERSONAL INJURIES. DECLARA-
   TION.

A declaration which charges that the superintendent of a county
insane hospital did himself, or by others acting under his direc-
tion, knowingly, carelessly, negligently and willfully placed, or
permitted the plaintiff to be placed in a cell where a dangerous in-
strument was, states a cause of action. (Post, p. 300.)

4. APPEAL DECLARATION. DEMURRER.

Where a demurrer is interposed upon the single ground that the
cause of action was barred by the statute of limitations, which
ground was overruled by the Court and no appeal prayed, the
court below was not warranted in holding that a demurrer filed by
a co-defendant would apply so as to dismiss the suit as to both
defendants. (Post, p. 301.)

---

*Headnotes 1. Counties, 15 C. J., section 274; 2. Asylums, 5 C. J.,
section 13 (Anno).

FROM HAMILTON.

Appeal from the Circuit Court of Hamilton County.— HON. CHARLES W. LUSK sitting by interchange for the HON. OSCAR YARNELL, Judge.

JOHN K. RANDOLPH, for plaintiff in error.

WILL F. CHAMLEE and T. W. STANFIELD, for defendant in error.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

This is an appeal by Arthur Johnson from a judgment of the Circuit Court of Hamilton County, dismissing his suit on demurrer. The action was brought against Hamilton County and W. L. Bork, for damages.

The amended declaration avers that Hamilton County was the owner and operator of a hospital, maintained for the reception and care of insane persons, and that W. L. Bork, as superintendent, was in control of and had the management of such hospital; that plaintiff in error was received in said hospital, while insane, and through the negligence of the County and Bork, was locked in a cell which "had and maintained in it such dangerous weapons as razor blades;" that laboring under an insane delusion that such action was necessary and prerequisite to his eternal salvation, the plaintiff in error inflicted serious and permanent injuries upon himself with said razor blades.

(1) It is averred that the negligence of the County consisted of its failure to build, erect and prepare a safe

place for the confinement of insane patients, and in permitting the place to be dangerous and unsafe on account of the presence of the razor blades where insane patients, and particularly the plaintiff in error, had access to them.

The demurrer of the County was on the ground that the negligence complained of was shown by the declaration to have been committed by an agent or employee of the County, for which the County is not liable.

The court was clearly correct in sustaining this ground of the demurrer, in favor of the County. *Vance* v. *Shelby County*, 152 Tenn., 141, and cases therein cited.

*(2)* The plaintiff in error seeks to bring the case within the rule of *Chandler* v. *Davidson County*, 142 Tenn., 266. This cannot be done. By no stretch of the imagination can it be said that the presence of a razor blade in the cell of an insane patient is a defect in the construction of the building prepared by the County for such patients. Moreover, there is nothing in *Chandler* v. *Davisson County, supra,* which would support a holding that a County, maintaining a hospital for the benefit of its citizens who might become insane, would be liable in damages for an injury caused by a defect in the construction or maintenance of the building.

The judgment of the circuit court sustaining the demurrer of the County will, therefore, be affirmed.

*(3)* With regard to the defendant Bork, the amended declaration charges that he knew, or by the exercise of ordinary prudence, could have known of the insane condition of the plaintiff in error, and that Bork "did *himself,"* and by and through others acting under his direction, *"knowingly,* carelessly, negligently and *willfully"* place and permit the plaintiff in error to be placed and detained in the locked cell, where the razor blades were present.

The declaration further avers that this defendant knew, or by the exercise of reasonable care and prudence should have known, that the plaintiff in error was in such condition that he would use such razor blades to his own hurt, etc.

This language of the declaration, fairly construed, charges that Bork, as superintendent of the hospital, had personal knowledge of the condition of the plaintiff in error, of the presence of the razor blades in the room, and of the fact that the plaintiff in error, on account of his insane condition, would probably use the razor blades to his own hurt and injury.

(4)    The demurrer interposed by Bork was upon the single ground that the cause of action stated in the declaration was barred by the statute of limitations. This ground of the demurrer was overruled by the circuit judge, and no appeal was prayed from that part of the judgment.

In passing upon the demurrer of the County the circuit judge reached the conclusion that neither defendant was liable in damages as charged in the declaration, and dismissed the suit as to both defendants.

Certainly no less can be required of the superintendent of a hospital receiving insane patients, than that such insane patients should not be knowingly and willfully placed in contact with means and instrumentalities for doing injury to themselves; and when it is charged that the defendant was guilty of such neglect of duty, and, in addition, "well knew, or by the exercise of reasonable care and prudence, might, could, would and should have known, that the patient would inflict injury upon himself," we think a cause of action is stated. So much clearly appears from the discussion of the duty of county officers to the public and to inmates of institu-

tions under their control, in *Hale* v. *Johnston,* 140 Tenn., 182, and *Vance* v. *Shelby County,* 152 Tenn., 141.

The judgment of the circuit court dismissing the suit as to W. L. Bork will accordingly be reversed and the case remanded as to him.

One-half of the costs of the appeal will be adjudged against the plaintiff in error, and one-half against the defendant, W. L. Bork.