Scott *v.* Burton *et al.*

(*Nashville,* December Term, 1937.)

Opinion filed April 2, 1938.

Jeff McCarn, Carmack Cochran, and Claude Callicott, all of Nashville, for plaintiff in error.

Bass, Berry & Sims, of Nashville, for defendants in error.

Mr. Chief Justice Green delivered the opinion of the Court.

This suit was brought against certain trustees of David Lipscomb College by the plaintiff, a former student at that institution, to recover damages for personal injuries sustained in jumping from a dormitory to escape fire. A demurrer to the declaration was sustained and the plaintiff has appealed.

David Lipscomb College is an incorporated educational institution located near Nashville. It is an eleemosynary, nonprofit corporation, and the defendants constitute a majority of its board of trustees. The declaration alleged that the defendants were administrative officers of the institution, having control of the same; that the plaintiff was a student at said institution and was placed

in a room on the third floor of a dormitory, operated by said institution, known as Avalon Home Building. On a night in March, 1930, plaintiff was aroused from her sleep and discovered that the said dormitory building was on fire, found that she could not otherwise escape, and jumped or fell from a point just below a window on the third floor of said building, on which floor she roomed, and was seriously injured as a result of the fall.

The declaration is in five counts and, briefly stated, charges the defendants with negligence in the following particulars:

(1) That defendants failed to provide proper exits from the said building and proper alarms for the protection of its occupants in case of fire.

(2) That defendants allowed trash, rubbish, and paper to accumulate in the bottom of the elevator shaft "such that in case of the slightest spark striking in said trash and rubbish it would immediately become ignited and the elevator shaft itself would become a flue or draft for the flame, so as to spread it immediately over the entire building," etc., and that the "fire originated from this dangerous condition in the elevator shaft."

(3) That defendants provided for this three-story building, occupied by more than fifty girls, "only one very crude and inadequate fire escape," distant from plaintiff's room, which she was unable to reach on account of the smoke and flames.

(4) That defendants violated section 9 of chapter 178 of the Acts of 1899 providing that "All hotels or lodging houses hereafter constructed in this state, over two stories in height, and over one hundred feet in length, shall be constructed so that there shall be at least two

stairways for the use of guests leading from the ground floor to the upper story.''

(5) That defendants violated section 1 of chapter 178 of the Acts of 1899 providing that ''It is hereby made the duty of every keeper or proprietor of every hotel or lodging house in the state over two stories in height to provide and securely fasten in every lodging room above the second story which has an outside window, and is used for the accommodation of guests, or employees, a rope or rope ladder for the escape of the lodgers therein in case of fire,'' etc.

As noted, the fourth and fifth counts of the declaration are based on provisions of chapter 178 of the Acts of 1899. The title to this act is as follows: ''An Act to provide for the better protection of life against fire in hotels and lodging houses in the state.'' We think this statute has no application to a dormitory operated by an educational institution. It may be true that the same protection should be thrown around occupants of a school dormitory as is thrown around guests and boarders in a hotel or lodging house. No one, however, would refer to a school dormitory as a hotel or lodging house and we are unable to believe that the Legislature intended this statute to include school buildings.

Other charges of negligence made against the defendants in the first, second, and third counts of the declaration seem to impute to them negligent acts of nonfeasance rather than negligent acts of misfeasance or malfeasance. Defendants are sued because they failed to provide sufficient exits from the building, because they failed to clean out the rubbish in the elevator shaft, and because they failed to provide adequate fire escapes from the building exits.

It is to be remembered that this building belonged to David Lipscomb College, a corporation, and that defendants were merely trustees of that corporation, that is, agents of the corporation. The corporation was doubtless thought to be exempt from liability in an action of this sort under authority of *Abston* v. *Waldon Academy,* 118 Tenn., 24, 102 S. W., 351, 11 L. R. A. (N. S.), 1179. Hence the trustees were sued.

According to numerous decisions of this court, an agent is responsible to his principal for acts of nonfeasance. Third persons can only call an agent to answer for his acts of malfeasance or misfeasance. *Gamble* v. *Vanderbilt University,* 138 Tenn., 616, 200 S. W., 510, L. R. A. 1918C, 875; *Drake* v. *Hagan,* 108 Tenn., 265, 67 S. W., 470, and cases cited.

This distinction between the agent's liability in tort for his acts of nonfeasance on the one hand and his acts of malfeasance or misfeasance on the other has been largely abandoned in modern decisions and is repudiated by the American Law Institute. Restatement, Agency, section 352 et seq., and cases collected in notes, 20 A. L. R., 99, and 99 A. L. R., 408. Under the latter rule the liability of an agent to a third person is tested by his duty to such third person. If the agent is guilty of a breach of duty to a third person, he is held liable whether that breach of duty be one of omission or commission, whether it be nonfeasance, malfeasance, or misfeasance. The modern rule seems to have been, as a matter of fact, applied by this court, although the particular omissions for which the agent was held were called acts of misfeasance. *Hale* v. *Johnston,* 140 Tenn., 182, 203 S. W., 949; *Vance* v. *Shelby County,* 152 Tenn., 141, 273 S. W.,

557; *Johnson* v. *Hamilton County,* 156 Tenn., 298, 1 S. W. (2d), 528.

■ Under neither rule, the old nor the new, can this suit of the plaintiff's be maintained. If there was negligence in constructing this dormitory without sufficient exits or without adequate fire escapes, that was negligence of construction. The declaration does not aver that these defendants had any part in the construction of this dormitory, nor any supervision of its erection.

■ We cannot hold that trustees of an educational institution, quite generally serving without compensation, are responsible to third parties, to patrons or students of the institution, for negligent construction of the school's buildings, with which these trustees had nothing to do. Such trustees cannot be said to owe to third persons the duty of having the buildings reconstructed.

■ Likewise we think it out of the question to say that the trustees of an educational institution can be made personally responsible for the consequences of the accumulation of trash in an elevator shaft. There is no showing that any of these defendants had knowledge of such condition, nor is there any showing that there was negligence on their part in the selection of minor employees. None of the defendants was charged with the duties of porter, janitor, or superintendent of the building. In *Hale v. Johnston, supra,* it is said that the liability of public officers for negligence and of trustees such as these for negligence is very much the same. And in *Vance* v. *Hale,* 156 Tenn., 389, 2 S. W. (2d), 94, 97, 57 A. L. R., 1029, we said that, "if the county officers had exercised ordinary care in the selection of the subordinate employees, had given them proper instructions and supervision, and had no reason to question the reliability

of said employees, the county officers could not be held to answer for negligence of such employees in a detail of the work intrusted to them.''

We do not find it necessary to enter into a consideration of the decisions of other courts to which counsel for the plaintiff refers. We think our own decisions rule this controversy and, for the reasons stated and upon the authorities cited, the judgment is affirmed.