### BLAINE v. UNITED STATES.

#### Civ. A. No. 1234.

United States District Court
E. D. Tennessee, N. D.

Aug. 3, 1951.

Chas. H. Davis, Knoxville, Tenn., for plaintiff.

Otto T. Ault, U. S. Dist. Atty., Ferdinand Powell, Jr., Asst. U. S. Dist. Atty., Knoxville, Tenn., for defendant.

ROBERT L. TAYLOR, District Judge.

This is an action under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and § 2671, for personal injury caused when plaintiff caught her foot on a fault in a sidewalk alongside the United States Post Office building in Knoxville, Tennessee, and sustained a broken arm in the resultant fall. The fault had occurred as a result of the subsidence of one slab in the sectioned concrete to a depth of approximately three-fourths of an inch below the level of one of the adjacent slabs. The accident occurred on January 15, 1949, plaintiff at the time being on her way to transact business at the postal savings window of the post office.

The Court, having personally examined the sidewalk, finds that the fault exists and that it is fairly represented in the two photographs filed as exhibits in the record. At first glance, a person would not likely pay much attention to the fault, but upon close examination would come to the conclusion that a woman of the age and physical and mental infirmities of plaintiff would likely run into trouble in passing over it, if perchance she placed one of her feet in the most dangerous portion, as was apparently done by plaintiff in the instant case.

Although proof on the subject is scanty, such as there is has not been rebutted, and for the purposes of this litigation it establishes ownership of the sidewalk by the defendant. In its answer, defendant admits that the Knoxville postmaster is custodian of the post office property, and the postmaster has testified that he has assigned no one to inspect the sidewalk or look after the same, but that he occasionally has looked over the sidewalk himself. Another witness for the defendant testified that employees of the post office have kept the sidewalk swept.

The answer of the defendant also contains the following: "Defendant alleges that in or about the year 1932, the defendant purchased or otherwise acquired the tract of land bounded on the east by Walnut Street, on the south by Main Street, on the west by Locust Street, and on the north by Cumberland Avenue * * * for the construction and erection thereon of the United States Post Office and Court House Building and for use as such, that thereafter the defendant laid out and built a United States Post Office and Court House Building on said lands and also laid out and built a good, substantial, well-constructed and proper sidewalk on the west side of Walnut Street in the block between Cumberland Avenue and Main Street; that thereafter in or about the year 1934, the defendant caused said building and lands to be occupied as a United States Post Office and Court House and at the same time threw open to and made available to the public said sidewalk for the use and convenience of the general public * * *."

From the pleadings and the small amount of available proof, the Court concludes and holds that the sidewalk where the accident occurred is a part of

the post office property and included within the custodianship of the postmaster who, admittedly, is an agent or employee of the United States.

■ That plaintiff was injured at the time and place and in the manner alleged, is sustained by the record. In testifying for herself she had only a vague recollection of details. She is 84 years of age, infirm of body and mind, and about all she remembers consists of the salient aspects of the case. She testified that she was hurrying to the post office, that she was in a hurry because she wanted to catch a train, that she caught her foot, fell, and broke her right arm near the shoulder, that she was rushing around and that that was what caused her to fall, that she fell in front of the post office, that she caught her toe in a little hole in the pavement, that she afterwards showed her attorney and an official of the Post Office Department the place where she fell, that she came on to the post office window after getting up from the fall, and that she did so in an injured condition. Her testimony as to her fall and injury has some corroboration from the post office employees and from a nurse at the hospital where she went for treatment three days after the accident. She has since been hit by a truck, and the two injuries, conjoined to infirmities due to her advanced age, have produced what appears to be permanent and almost total disability for any sort of employment.

Defendant relies primarily on law defenses, namely, that plaintiff has no cause of action against defendant for failure of the postmaster properly to inspect and maintain the sidewalk and that the defendant, including the postmaster, owed plaintiff no duty to maintain the sidewalk in a safe condition. A further defense is that of contributory negligence.

Heretofore the Court tentatively overruled a motion by defendant to dismiss the action on the strength of the first defense above named. Restated, the defense is that a principal is not answerable to an injured third party for injuries resulting from an omission or nonfeasance of the principal's agent. Translated into the present situation, it is, that the United States is not liable to this plaintiff, for the reason that the postmaster's failure properly to inspect and maintain the sidewalk was an act of omission or nonfeasance, involving a breach of duty owing solely to his employer, of which the public, including the plaintiff, has no ground for complaint. The leading case on the point is Drake v. Hagan, 108 Tenn. 265, 67 S.W. 470. But later cases are not in accord and have found a way to avoid the effect of the Drake decision.

In Scott v. Burton et al., 173 Tenn. 147, 151, 114 S.W.2d 956, 957, the court said: "According to numerous decisions of this court, an agent is responsible to his principal for acts of nonfeasance. Third persons can only call an agent to answer for his acts of malfeasance or misfeasance. Gamble v. Vanderbilt University, 138 Tenn. 616, 200 S.W. 510, L.R.A.1918C, 875; Drake v. Hagan, 108 Tenn. 265, 67 S.W. 470, and cases cited.

"This distinction between the agent's liability in tort for his acts of nonfeasance on the one hand and his acts of malfeasance or misfeasance on the other has been largely abandoned in modern decisions and is repudiated by the American Law Institute. Restatement, Agency, § 352 et seq., and cases collected in notes, 20 A.L.R. 99, and 99 A.L.R. 408. Under the latter rule the liability of an agent to a third person is tested by his duty to such third person. If the agent is guilty of a breach of duty to a third person, he is held liable whether that breach of duty be one of omission or commission, whether it be nonfeasance, malfeasance, or misfeasance. The modern rule seems to have been, as a matter of fact, applied by this court, although the particular omissions for which the agent was held were called acts of misfeasance. Hale v. Johnston, 140 Tenn. 182, 203 S.W. 949; Vance v. Shelby County, 152 Tenn. 141, 273 S.W. 557; Johnson v. Hamilton County, 156 Tenn. 298, 1 S.W.2d 528."

■ As to the question of duty, the case calls for inquiry as to the relationship that existed between the defendant and the

plaintiff. Had plaintiff been a member of the passing public, there would be plausible reason for holding that she was merely a licensee in using defendant's sidewalk. But the evidence shows that the defendant maintained a Postal Savings Department and that plaintiff was a customer of that department. Moreover, at the time of her injury she was on her way to transact business with that department. Those circumstances removed her from the unfavorable position of a licensee and placed her in the favored position of an invitee. Peebles v. Exchange Building Co., 6 Cir., 15 F.2d 335.

In Tennessee the owner of realty owes a duty to invitees, which includes maintenance of premises in a safe condition. That duty requires that the owner, or the person who has the duty of doing so, repair defects known to him, or of which by the exercise of reasonable care he should have known. This duty extends to such parts of a building, including the approaches thereto, which are open to invitees in connection with their business in the place. Woods v. Forest Hills Cemetery, 183 Tenn. 413, 192 S.W.2d 987; Gargaro v. Kroger Grocery & Baking Co., 22 Tenn.App. 70, 118 S.W.2d 561; Commercial Club v. Epperson, 15 Tenn.App. 649. Customers of tenants in office buildings (and by analogy customers of a post office) are impliedly invited to visit the offices on matters of business and to use the available means of approach. Peebles v. Exchange Building Co., 6 Cir., 15 F.2d 335.

Whether this duty of inspection and maintenance was reposed wholly in the postmaster would not seem to be decisively material. The duty rested somewhere, for the sovereign functions only through agents. Realty is not an active instrumentality, requiring manipulation, but is passive, requiring maintenance, or the lack of it, as the source of misfeasance. For that reason it is difficult, if not impossible, to identify a particular individual as the sole tort-feasor. The Court takes judicial notice of federal laws and regulations which, in connection with repairs or alterations, necessitate the approval of various officials within the Post Office Department, distantly located as to some, and having diversified duties. In that situation it is not an unreasonable conclusion that the postmaster was only one of a community of persons responsible for maintenance of the post office property and that he was, among all of those sharing the responsibility, probably the least neglectful. As the owner of the post office property, it was defendant who owed the primary duty of maintenance in favor of invitees. Performance of that duty was placed upon its agents, including the postmaster. If the United States were a private person and owner of the post office property, it would be liable to this plaintiff for the injury sustained by reason of the negligent maintenance of the sidewalk by its agent or agents. By statute the defendant has consented to incur that liability, though a sovereign. 28 U.S.C. § 1346(b).

On the question of contributory negligence, the Court finds in favor of the plaintiff. Her being in a hurry, rushing about, and failing to keep her eyes focused on the sidewalk, do not make out a case of negligence per se. As contributory negligence is an affirmative defense, the burden of proof is upon the party asserting it. This burden the defendant has not borne. The Court will not imply negligent causation, except possibly in a remote sense, for the reason that a person may be in a hurry and yet move about in a careful manner, and that moving along a sidewalk in a careful manner does not require keeping the eyes constantly focused thereon.

Plaintiff is entitled to recover both general and special damages, the latter to date having been only $15. She was 82 years of age at the time of her injury, and unemployed, being a retired practical nurse. She has been a thrifty and industrious person, as is attested by the fact that from her earnings of from $10 to $15 a week she has built up a savings account. It is not certain that she would have sought further employment, had she not been injured, or that she would have been able to find further employment, had she sought it, for which reason there is no basis for

considering loss of earnings in the award of damages. She did sustain a fractured bone in her right upper arm and an injury to her right shoulder, as a result of which she has suffered pain, and continues to suffer discomfort. For this injury and the consequent pain and suffering, she is entitled to general damages of $600, and to a total judgment of $615.

Let an order be prepared accordingly.