## GILROY v. UNITED STATES.

### Civ. No. 2045–51.

United States District Court
District of Columbia.

June 4, 1953.

665

Alvin L. Newmyer, and Alvin L. New-
myer, Jr., Washington, D. C., for plaintiff.
Leo A. Rover, U. S. Atty., and Robert M. Scott, Asst. U. S. Atty., Washington,
D. C., for defendant.

HOLTZOFF, District Judge.

This is an action against the United
States under the Federal Tort Claims Act,
28 U.S.C. §§ 1346, 2671 et seq. for per-
sonal injuries sustained by the plaintiff as
the result of a fall on a broken part of
the curb on Constitution Avenue between
20th and 21st Streets, in the City of Wash-
ington.

The suit is brought against the United
States rather than against the District of
Columbia because Constitution Avenue is
under the control of the United States
through the National Park Service, and the
duty to keep the sidewalks and the paving
on that street in repair rests on the United
States and not upon the District of Co-
lumbia.

The law of the District of Columbia
holds the municipality to a very high de-
gree of liability for damages resulting
from failure to maintain the streets of the
city in a reasonably safe condition. The
District of Columbia is under a duty to
keep the pavement and the sidewalks of
the streets of this city in a reasonably safe
condition. Even a small depression in the
sidewalk might give rise to liability, if
such a depression causes damage.

The United States claims, however, that
it should not be held to the same high de-
gree of liability as a municipal corpora-
tion in respect to the sidewalks which the
United States controls. This argument is
based upon the provision of the Federal
Tort Claims Act to the effect that the Unit-
ed States shall be liable in respect to tort
claims in the same manner and to the same
extent as a private individual under like
circumstances, U.S.Code, Title 28, Section
2674.

It is argued by counsel for the United
States that the United States, therefore, is
not liable as a municipal corporation would
be but only as a private individual under
similar circumstances, and that a private
individual would not be liable to an or-
dinary passerby, who is a licensee.

■■ The purpose of the Federal Tort
Claims Act was to abrogate the immunity

of the United States against suit in tort. Its purpose was to make the United States liable to suit in tort in the same manner as anyone else. Unlike other statutes waiving governmental immunity, the Federal Tort Claims Act should be liberally construed in order to effectuate the purpose that was intended by its framers. The words, "as a private individual", are not used as words of art or as a limitation, but, rather, in a descriptive manner to indicate that the United States should be liable in the same manner and to the same extent as anyone else. A municipal corporation may be considered for the purposes of that provision as a private individual, and, therefore, it is the view of this Court that the liability of the United States in respect to defects in the streets that it controls is the same as the liability of a municipality in the same jurisdiction, or the liability of any other political subdivision in control of streets.

Consequently, this accident having occurred in the District of Columbia, the law governing the liability of a municipal corporation in respect to such cases is equally applicable to the United States.

Even if, however, the United States were held to the narrower liability of a private property owner, it would still be liable in this case. It is the rule in this jurisdiction that a property owner owes a duty to his tenants and their guests to keep the approaches to the building in a reasonably safe condition, Pessagno v. Euclid Inv. Co., 72 App.D.C. 141, 112 F.2d 577.

In this case the plaintiff was employed in the building owned by the United States, which abutted on this sidewalk. The sidewalk is under the control of the United States. It is clear that under the rule of the Pessagno case the United States would be liable to those of its employees who work in that building and who use the sidewalk as a means of entrance and exit to and from the building.

Under the circumstances, the plaintiff must be regarded as an invitee rather than as a licensee.

Even in the case on which the Government relies, Blaine v. United States, 102 F. Supp. 161, decided by the United States District Court for the Eastern District of Tennessee, a person in somewhat similar circumstances was held to be an invitee, atlhough the Court indicated that ordinary passersby would be deemed licensees. The last-mentioned statement was, however, dictum.

On the facts, the defect in the sidewalk is sufficiently serious to justify a finding of negligence on the part of the United States, if it existed long enough so that the United States might be deemed to have had constructive notice. In this case the defect existed for a period of at least six weeks prior to the accident. The Court finds that this is sufficient time to give reasonable notice to the United States of the existence of the defect.

The Court also finds that there was no contributory negligence on the part of the plaintiff, particularly bearing in mind that the rule in this jurisdiction is that the burden of proving contributory negligence rests on the defendant.

Accordingly, the plaintiff is entitled to recover.

As to the amount, the pecuniary damages proven in this case amount to $1,700. Bearing in mind other verdicts awarded by juries in this jurisdiction, the Court is of the opinion that on the facts and circumstances of this case, for the pain and suffering sustained by the plaintiff, which lasted a considerable period, as well as the residual injuries which, though not disabling her from continuing her occupation, are nevertheless painful and which may continue for a long period of time, the sum of $5,000 would be a fair award.

Accordingly, the Court will render judgment in favor of the plaintiff for $6,700.