William J. SMITH
and
Hunter Currin Smith, Plaintiffs,

v.

UNITED STATES of America
and
The Christmas Pageant of Peace, Inc., a
District of Columbia Corporation,
Defendants.

Civ. A. No. 3863-62.

United States District Court
District of Columbia.

Jan. 18, 1965.

Daniel W. Coon, Washington, D. C., for plaintiffs.

John E. Hogan, Asst. U. S. Atty., for District of Columbia, for defendant the United States of America.

Austin F. Canfield, Jr., Washington, D. C., for defendant Christmas Pageant of Peace, Inc.

HOLTZOFF, District Judge.

This is an action by two pedestrians to recover damages for personal injuries sustained by falling on a public boardwalk located in a public park immediately south of the White House in Washington, D. C., in a region known locally as the Ellipse.

The accident occurred on the evening of December 24, 1961. At that time, in accordance with a custom of many years'

standing, a Christmas pageant was being conducted in the area. A Christmas tree was standing lighted at one end. The approach to it was over two temporary walkways constructed of wood. The walkways were approximately a hundred feet long. The festival and its various activities were conducted by a non-profit corporation organized under the laws of the District of Columbia, known as The Christmas Pageant of Peace, Inc. Its operations were carried on in cooperation with the Department of the Interior of the United States, which has jurisdiction over the park. The walkways were constructed, maintained, controlled and inspected by employees of the Department of the Interior. The corporation had no connection with this aspect of the matter.

The two plaintiffs, husband and wife, had come up from their home in Richmond, Virginia, to visit a relative in Alexandria on the afternoon of December 24, 1961. After dinner they drove to the Ellipse for the purpose of visiting the pageant, parked their car, and proceeded to the walkway, in order, presumably, to walk down to the Christmas tree and the stage where the pageant was being performed. It had been snowing during the day, although the snowfall had stopped prior to that time. The evidence shows that the end of the walkway was largely covered with snow and ice. They stepped on the walkway and after proceeding a few steps each of them fell and sustained personal injuries.

This action is brought to recover damages for these injuries against the United States, under the Federal Tort Claims Act, and against the corporation under the general law of negligence. At the close of the plaintiffs' case, the Court dismissed the complaint as to the corporation on the ground that the corporation had no control or responsibility with respect to the walkways. The case then proceeded as against the United States.

The Federal Tort Claims Act provides that the United States shall be liable for negligence of its employees as a private individual under similar circumstances under the law of the jurisdiction where the accident occurs. This Court has had occasion to hold in Gilroy v. United States, 112 F.Supp. 664, 666, that:

"The words, 'as a private individual', are not used as words of art or as a limitation, but, rather, in a descriptive manner to indicate that the United States should be liable in the same manner and to the same extent as anyone else."

This Court further stated that:

"A municipal corporation may be considered for the purposes of that provision as a private individual, and, therefore \* \* \* the liability of the United States in respect to defects in the streets that it controls is the same as the liability of a municipality in the same jurisdiction, or the liability of any other political subdivision in control of streets."

■ This statement was quoted with approval by Judge Forman, then United States District Judge for the District of New Jersey, now a United States Circuit Judge for the Third Circuit, in Pennsylvania R. R. Co. v. United States, D.C., 124 F.Supp. 52, 66. Accordingly, it is the view of this Court that the liability of the United States in respect to sidewalks that it controls in the District of Columbia should be governed by the same rules as apply to sidewalks controlled by the District of Columbia Government and the liability of the local government.

■■ The law relating to streets in the District of Columbia differs in a number of ways from that prevailing in many other jurisdictions. In many cities the property owner owns to the center of the street abutting on his land or building, subject to a public easement of passing and re-passing over the strip between the building line and the center of the street. In Washington, however, the fee in the street is owned by the District of Columbia. The property owner owns only to the building line, but of course has an easement of passing and re-passing over the abutting strip. The Dis-

trict of Columbia is under a duty to keep the streets in a reasonably safe condition, and is liable in damages to any person who is injured for its failure in the performance of this duty, District of Columbia v. Woodbury, 136 U.S. 450, 10 S.Ct. 990, 34 L.Ed. 472; Booth v. District of Columbia, 100 U.S.App.D.C. 32, 33, 241 F.2d 437, as well as many other cases that might be cited. The District of Columbia, however, is not an insurer of the safety of the streets and is responsible only in case of failure to use reasonable care.

■ In applying this general principle to the duty of keeping the streets reasonably clear from snow and ice, the Court of Appeals for the District of Columbia Circuit, has imposed a somewhat limited obligation on the District of Columbia. The leading case on this point is Smith v. District of Columbia, 89 U.S.App.D.C. 7, 10, 189 F.2d 671, 674. The opinion is quite lengthy, but a few excerpts may be useful. The Court stated that the District of Columbia "cannot be held liable for injuries due to snow or ice as or just after the snow has fallen or the ice formed and when the city has had no opportunity to correct dangerous conditions thus created".

And again:

"* * * absent a defect in the street itself, it cannot be held liable for injuries due to the mere slipperiness of snow or ice in its natural state, because it cannot cure such slipperiness on every bit of sidewalk and street in a large city."

The Court then goes on to say:

"* * * where snow or ice has remained on the streets or sidewalks for a period of time and in certain places has been pushed or trampled or otherwise formed into an obstruction or a danger, apart from its original natural dangerous state and in an unusual shape or size, it is not different from any other obstruction or danger."

The Court summed up its discussion as follows (p. 11, 189 F.2d P. 675):

"* * * if snow or ice has been permitted to remain untreated on a sidewalk or crosswalk and has been formed into humps or ridges or other shapes of such size and location as to constitute a danger aggravated over its original mere slipperiness and unusual in comparison with general conditions naturally prevalent throughout the city, and if such condition has remained for a period of time sufficient to give rise to a constructive notice to the municipal authorities and an opportunity for them to remedy it, the municipality is liable for injuries of which the dangerous condition is the proximate cause."

In other words, the District of Columbia is not liable for mere failure to remove snow and ice. It is liable only if it failed to remove snow and ice for an unreasonable length of time, and if, in addition thereto, the snow or ice that has been permitted to remain has been formed into humps or ridges or other shapes to constitute a danger aggravated over its original mere slipperiness, and unusual in comparison with general conditions naturally prevalent. This principle was reaffirmed in Campbell v. District of Columbia, 100 U.S.App.D.C. 120, 243 F.2d 226, 231.

■ Thus the liability of the District of Columbia is a very narrow one. There are those who wish that it were broader. This Court is one of those persons, but this Court is under an obligation, naturally, to follow the law as it deems it to be, rather than as it wishes it were. Obviously, under the rule of the Smith case, there is no liability here. There was no situation creating ridges or obstructions in the snow as the result of remaining for an undue length of time. On the contrary, employes of the Department of the Interior took steps, within reason, to maintain safety by an hourly inspection of the walks and a scattering of sand when such an inspection showed desirability to do so.

It is urged, however, that the rule of law that should be applied to this case is

a different one, namely, that the defendant, having invited the public to visit the place for the purpose of viewing the pageant and the decorations, was under a duty applicable to a private individual who invites the public to his premises. In support of this contention, Watford by Johnston v. Evening Star Newspaper Co., 93 U.S.App.D.C. 260, 211 F.2d 31, is relied upon. The Court is of the opinion that the instant case is governed by the decision in the Smith case rather than by the doctrine applicable to private parties.

Even, however, if *arguendo*, the rule of law urged by learned and able counsel for the plaintiffs were applicable, the Court would find that in that event as well there is no liability as a matter of fact. If it be assumed that the defendant was under a duty to use reasonable care affirmatively to maintain the safe condition of this walkway, the Court finds as a fact that this duty has been fulfilled. The evidence shows that the walkways, constructed of wood, were painted with a non-skid paint, and that on days when there was snow or ice, an employee of the Department of the Interior made an hourly inspection of the walkways from one end to the other. He was equipped with a shovel and a wheelbarrow containing sand. If he found any slick or slippery spots, he would scatter sand at that point. The Court finds as a fact that this course complies with the requirement of using reasonable care. It is urged that perhaps handrails could have been erected, or that perhaps salt could have been used to melt any snow or ice. There is no evidence that the use of salt was a suitable means to dissolve snow and ice on a wooden walkway. Even if it were, however, the defendant was not under any obligation to use the highest degree of care, but only to employ reasonable care. It necessarily had a certain range of discretion to choose means suitable for this purpose. The Court is unable to find that the use of non-skid paint, plus hourly inspection and the scattering of sand, were not sufficient to constitute reasonable care.

Consequently, on either theory, either on the law as the Court sees it and concludes it to be, or on the theory of law urged by the plaintiffs' counsel, there is no liability. Naturally the Court regrets that anyone coming to Washington to view the pageant should fall and be hurt on this walkway. In fact, the Court would regret anyone falling and being injured anywhere. The Government, however, is not an insurer of the safety of passersby or visitors. At most it is liable only for lack of due care. Here the Court is of the opinion there is no such failure even under the rule of law urged by the plaintiffs' counsel. Accordingly, the Court will render judgment on the merits, dismissing the complaint.

A transcript of this oral opinion will constitute the findings of fact and conclusions of law.