Marva COOKS, Plaintiff-Appellee,

v.

UNITED STATES of America, Defendant-Appellant.

No. 86–1645.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 23, 1986.

Decided March 19, 1987.

Rehearing and Rehearing En Banc Denied April 21, 1987.

James E. Pancratz, James E. Pancratz, Ltd., Chicago, Ill., for plaintiff-appellee.

Barbara F. Lazarus, Asst. U.S. Atty., Anton R. Valukas, Chicago, Ill., for defendant-appellant.

Before WOOD, COFFEY, Circuit Judges, and GRANT, Senior District Judge.*

* The Honorable Robert A. Grant, of the Northern District of Indiana, is sitting by designation.

COFFEY, Circuit Judge.

Plaintiff-Appellee Marva Cooks filed suit against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*, for recovery for injuries sustained when she tripped on the sidewalk located in front of the Federal Archives and Records Center in Chicago, Illinois. The trial court entered judgment against the United States. We reverse.

### I.

On May 27, 1981, Marva Cooks visited the Federal Archives and Records Center ("FARC"), located in Chicago, Illinois, to obtain certain records. The weather that May 27, 1981 day was warm and sunny and the sidewalks and pavement around the FARC were dry. After parking her car, Cooks entered the FARC through the front entrance. Cooks failed to notice any defects in the sidewalk in front of the FARC while approaching the building. After approximately an hour and twenty minutes in the building, Cooks exited the building from the same front door. As she walked out of the building, traversing over the same path (sidewalk), the heel of her (Cooks') shoe caught on an elevated slab in the concrete sidewalk, causing her to fall. The elevation was located at the junction of two concrete slabs.

Subsequent to Cooks' fall, on May 27, 1981, Gregory Pomicter, the Chief of the Appraisal and Disposition Section of the FARC, investigated the scene of Cooks' accident in an attempt to determine the cause of her fall and measured the elevation of the sidewalk to be ½ inch at the point of her fall. His investigation further revealed no broken concrete or loose concrete or separations in the sidewalk which might have caused Cooks' fall.

After exhausting her administrative remedies pursuant to the Federal Tort Claims Act, Cooks filed suit against the United States. After a bench trial, the district court entered a judgment in favor of Cooks from which the United States appeals.

### II.

The issue presented for review is whether the district court erred in finding the United States liable for Cooks' injuries in that the government failed to repair a slight elevation in the sidewalk located in front of the FARC. Cooks bases her cause of action on the Federal Tort Claims Act, 28 U.S.C. § 2674, under which the United States waives its sovereign immunity from suits sounding in tort in certain instances.[1] Under the Federal Tort Claims Act the United States has waived its sovereign immunity to suits initiated by persons injured from sidewalks that it controls. *Gilroy v. United States*, 112 F.Supp. 664 (D.D.C. 1953); *Smith v. United States*, 237 F.Supp. 675 (D.D.C.1965). Courts have also held that "[t]he liability of the United States in respect to defects in the streets that it controls is the same as the liability of a municipality in the same jurisdiction, or the liability of any other political subdivision in control of streets." *Gilroy v. United States*, 112 F.Supp. 664, 666 (D.D.C.1953). *See also Smith v. United States*, 237 F.Supp. 675, 676 (D.D.C.1965). Cognizant of the fact that this accident happened in the state of Illinois, both parties agree that the liability of the United States with respect to defects in its sidewalks is the same as the liability of a municipality located in Illinois.

Under Illinois law, a municipality "has the duty to exercise ordinary care to main-

---

1. The Federal Tort Claims Act, 28 U.S.C. § 2674 states:

   The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

   If, however, in any case wherein death was caused, the law of the place where the act or omission complained of occurred provides, or

   has been construed to provide, for damages only punitive in nature, the United States shall be liable for actual or compensatory damages, measured by the pecuniary injuries resulting from such death to the persons respectively, for whose benefit the action was brought, in lieu thereof.

   Title 28 U.S.C. § 2680 enumerates the instances in which the United States does not waive its sovereign immunity.

tain its property in a reasonably safe condition for the use in the exercise of ordinary care of people whom the entity intended and permitted to use the property in a manner in which and at such times as it was reasonably foreseeable that it would be used ..." Ill.Rev.Stat. Ch. 85, para. 3–102 (1985). *See also Tracy v. Village of Lombard,* 116 Ill.App.3d 563, 71 Ill.Dec. 838, 841, 451 N.E.2d 992, 995 (1983). "While a city has a duty to maintain its sidewalks in a reasonably safe condition, it does not have to keep them in perfect condition, and slight inequalities in level or other minor defects are not actionable." *Repinski v. Jubilee Oil Company,* 85 Ill. App.3d 15, 40 Ill.Dec. 291, 295, 405 N.E.2d 1383, 1387 (1980). *See also Warner v. City of Chicago,* 72 Ill.2d 100, 19 Ill.Dec. 1, 378 N.E.2d 502 (1978); *Arvidson v. City of Elmhurst,* 11 Ill.2d 601, 145 N.E.2d 105 (1957). "The law is ... that a city can be found guilty of negligence only when the defect in a sidewalk is such that a reasonably prudent man should anticipate some danger to persons walking upon it." *Walter v. City of Rockford,* 332 Ill.App. 243, 74 N.E.2d 903, 906 (1947).

In *Warner v. City of Chicago,* 72 Ill.2d 100, 19 Ill.Dec. 1, 378 N.E.2d 502 (1978), the plaintiff sustained injuries from a fall on a sidewalk on a snowy day. The Illinois Supreme Court stated the pertinent facts as follows:

> "Plaintiff testified that while following a 'light path' made by other pedestrians along the edge of the sidewalk she stubbed her toe on a raised slab, lost her balance and fell. She stated that she did not see this defect as she was walking because it was covered by the snow. She denied slipping on the snow, asserting that tripping over the raised slab was the sole cause of her fall ... A city investigator testified that he measured the height to be a maximum of 1⅛ inches at the point where plaintiff's toe struck the slab, but this measurement was taken 5½ years after the accident occurred."

*Id.,* 378 N.E.2d at 502–03. In deciding the case, the Illinois Supreme Court stated:

> "[w]e believe that the city's evidence, a 1⅛–inch–maximum height variation,

would indicate that, in view of the surrounding circumstances, no cause of action would lie due to the minimal nature of the defect. However, the 5½–year delay in obtaining that measurement greatly reduces its probative value, and the jury could reasonably believe that plaintiff's testimony more accurately described the condition of the sidewalk at the time of the occurrence. *In our judgment a reasonably prudent person should anticipate some danger to those walking upon a sidewalk in the condition described by plaintiff.* Nor do we believe the jury's finding that plaintiff was exercising due care at the time of the accident was contrary to the manifest weight of the evidence. The defect was not apparent because it was obscured by the snow, and, in our opinion, it was not unreasonable for her to follow the path trod by others even though it traversed the raised slab. Were the defect uncovered and apparent to those upon the sidewalk, however, the question of plaintiff's due care would be less easily resolved, but that is not the factual situation here.... *We emphasize, too, that our holding should not be construed as diminishing the force of the general rule that a municipality is not liable for minor sidewalk defects.*"

*Id.* at 504 (citation omitted) (emphasis added). As contrasted to the factual situation in *Warner* where a 1⅛ inch elevation was obscured by a path over freshly fallen snow, in the instant case it was a sunny, clear day, the sidewalk was dry, and the elevation was only ½ inch and unobscured. In *Repinski,* the Illinois appellate court stated:

> "[a]lthough the supreme court has stated that no mathematical standard can be established to determine the unreasonableness of a defect [in a sidewalk] it appears that under certain circumstances a variance of 2 inches may be actionable while one of 1⅛ inches may not be."

405 N.E.2d at 1387.

In the present case, the government argues that the purported defect in the sidewalk outside the FARC was so minor that

it was nonactionable under the present state of Illinois law. The government asserts that it owed no duty to protect Cooks from injuries where the facts establish that it was a clear and sunny spring day and the elevation was only ½ inch. At trial, the United States introduced evidence that the defect which allegedly caused Cooks' injuries consisted of not 2 inches as in *Arvidson v. City of Elmhurst*, 11 Ill.2d 601, 145 N.E.2d 105 (1957) nor 1⅛ inches as in *Warner v. City of Chicago*, 72 Ill.2d 100, 19 Ill.Dec. 1, 378 N.E.2d 502 (1978) but a one half inch elevation in the sidewalk outside the FARC. At trial the government submitted the deposition testimony of Gregory Pomicter, the Chief of the Appraisal and Disposition Section of the FARC, that he measured the elevation in the sidewalk shortly after the fall on the afternoon of May 27, 1981 and found it to be but one half inch in height. In addition, George Elam, the operation and maintenance foreman at the FARC at the time of Cooks' injury, testified at trial that he was called to repair what he found to be a half inch elevation in the sidewalk outside the FARC. While the district judge made no formal findings of fact, the judge stated that from a photograph of the elevation the rise in the sidewalk appeared to be "at least a half inch." On appeal, Cooks does not maintain that the elevation in the sidewalk which allegedly caused her injuries was any greater than one half inch in height.

Since under the present state of Illinois law an Illinois municipal corporation is not liable for injuries resulting from minor defects in a sidewalk, we refuse to impose a stricter standard upon the United States, holding it liable for a ½ inch elevation in a sidewalk. *Gilroy v. United States*, 112 F.Supp. 664, 666 (D.D.C.1953); *Smith v. United States*, 237 F.Supp. 675, 676 (D.D.C.1965). As the evidence at trial is undisputed that the elevation in the sidewalk outside the FARC that allegedly caused Cooks' injuries was but one half inch, and since a municipal corporation located in the state of Illinois in a similar fact situation would not be liable for injuries resulting from a half inch deviation in the height of sidewalk slabs, we reverse the decision of the district court and hold that the United States is not liable for Cooks' injuries.