**M. O. PIGOTT and wife, Gustave Pigott, Plaintiffs-Appellants,**

**v.**

**UNITED STATES of America, Defendant-Appellee.**

**No. 29315**

**Summary Calendar.**[*]

United States Court of Appeals,
Fifth Circuit.

Oct. 13, 1971.

---

M. D. Tate, II, David Smith, Smith, Smith & Tate, Picayune, Miss., for plaintiffs-appellants.

Robert Hauberg, U. S. Atty., Jackson, Miss., Walter H. Fleischer, Robert V. Zener, Robert M. Feinson, Attys., Dept of Justice, Washington, D. C., for defendant-appellee.

Before JOHN R. BROWN, Chief Judge, INGRAHAM and RONEY, Circuit Judges.

**PER CURIAM:**

This civil action was instituted against the United States for alleged damages done to the plaintiffs' dwelling home as a result of test firing of a Saturn S–IC rocket at the Mississippi Test Facility of the National Aeronautics and Space Administration.[1] The Saturn S–IC rocket is the first stage of the Saturn V launch vehicle used for the Apollo moon missions. During the tests, the engines of the vehicle are allowed to operate and develop substantially the same thrust that they will develop later at Cape Kennedy for the actual launching of astronauts. The hugh booster is firmly held to earth at all times during this testing. Plaintiffs live approximately 9.2 miles north from the test

---

[*] [1] Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

1. Federal Tort Claims Act, 28 U.S.C.A. § 1346(b) ; 28 U.S.C.A. § 2674.

stand, and they claimed that testing the rocket produced violent concussions, vibrations and air blasts which shook their land and buildings and the air above and around them.

After a full trial, the court entered a final judgment for the defendant, ordering that the plaintiffs take nothing by this action, which was dismissed with prejudice at their cost.

In reaching this decision, the district court first concluded that this was an unconsented suit against the United States and that the government was exercising a discretionary function in test firing Saturn rockets at this facility. 28 U.S.C.A. § 2680(a). Second, the district court decided that this was not a case for the application of the doctrine of *res ipsa loquitur*.

Although deciding both these points of law against the plaintiffs, the district court went on to find, as matters of fact, that plaintiffs had failed to prove damage and failed to prove that the test firing was the proximate cause of any claimed damages.

█ We agree that the doctrine of *res ipsa loquitur* should not have been applied. However, the district court was in error in holding that the test firing of the Saturn rocket in this case fell within the "discretionary function" exception to the Tort Claims Act. To be sure, the activity complained of here might fall within the sweep of the broad language in Dalehite v. United States, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953), wherein the Supreme Court stated:

"[T]he 'discretionary function or duty' that cannot form a basis for suit under the Tort Claims Act includes more than the initiation of programs and activities. It also includes determinations made by executives or administrators in establishing plans, specifications or schedules of operations. Where there is room for policy judgment and decision there is discretion. It necessarily follows that acts of subordinates in carrying out the operations of government in accordance with official directions cannot be actionable." 346 U.S. at 35, 36, 73 S. Ct. at 968.

However, in Smith v. United States, 375 F.2d 243 (5th Cir. 1967), cert. den., 389 U.S. 841, 88 S.Ct. 76, 19 L.Ed.2d 106, we pointed out that

"If the Tort Claims Act is to have the corpuscular vitality to cover anything more than automobile accidents in which government officials were driving, the federal courts must reject an absolutist interpretation of *Dalehite,* and that interpretation is rejected by *Indian Towing* [Indian Towing Co. v. United States, 350 U.S. 61, 76 S.Ct. 122, 100 L.Ed. 48 (1955)] and especially by *Rayonier.* [Rayonier, Inc. v. United States, 352 U.S. 315, 77 S.Ct. 374, 1 L.Ed.2d 354 (1957)] * * * It is not a sufficient defense for the government merely to point out that some decision-making power was exercised by the official whose act was questioned." 375 F.2d at 246.

█ We think it clear that the kind of discretion exercised by the government in this case, involving decisions merely as to the day and hour of the firing and the amount of thrust to be developed by the Saturn engines, is insufficient to insulate the defendant from Mississippi tort law concepts through § 2680(a). Rayonier, Inc. v. United States, *supra*; Indian Towing Co. v. United States, *supra*; see United States v. Muniz, 374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963).

Although the district court's findings of fact would appear to support the judgment below, we are unable to determine the extent to which those findings might have been influenced by the application of the erroneous standard of law. We therefore vacate the judgment of the district court and remand the case for reconsideration of the evidence either on the present record or as supplemented as the trial judge in his discretion considers appropriate in the light of this opinion.

Vacated and remanded.