**J. H. RUTTER REX MANUFACTUR- ING COMPANY, INC.,**
Plaintiff-Appellant,

v.

**UNITED STATES of America,**
Defendant-Appellee.

No. 74–2366.

United States Court of Appeals,
Fifth Circuit.

June 30, 1975.

Rehearing and Rehearing En Banc
Denied Sept. 25, 1975.

Daniel Lund, New Orleans, La., for plaintiff-appellant.

Gerald J. Gallinghouse, U. S. Atty., James D. Carriere, Asst. U. S. Attys., New Orleans, La., for defendant-appellee.

Before GIBSON,* THORNBERRY and AINSWORTH, Circuit Judges.

PER CURIAM:

J. H. Rutter Rex Manufacturing Company seeks to recover $144,001.24 from the United States under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. Rutter Rex claims that the National Labor Relations Board's unreasonable delay in securing compliance with a reinstatement order caused the damages. The district court below ruled on the merits that the discretionary function exception to the Tort Claims Act bars the suit. Rutter Rex challenges that here, but we agree with the district court and affirm.

On April 21, 1954 the production and maintenance workers at Rutter Rex's

* Of the 8th Circuit, sitting by designation.

New Orleans plant went on a strike that lasted until April 4, 1955. During that time Rutter Rex hired replacements for many of the striking employees. The National Labor Relations Board found that the employer had committed unfair labor practices, and ordered the company to reinstate the strikers with back pay. After Rutter Rex refused voluntary compliance, the Board successfully petitioned this court for enforcement. NLRB v. J. H. Rutter-Rex Manufacturing Co., 245 F.2d 594 (5 Cir. 1957). On August 21, 1957, the Board's regional office wrote Rutter Rex offering its assistance in implementing the decree, but also stating: "When you have fully complied with the affirmative terms of the decree and there are no violations of its negative provisions, you will be notified that the case has been closed. Until you receive such notice you will know that the case remains open 'for all purposes as awaiting compliance." On November 4, 1961, the Board filed its first back pay specification, listing claims totalling $342,764.07 as of June 30, 1961. Rutter Rex contested that specification to the U. S. Supreme Court, but ultimately lost. See NLRB v. J. H. Rutter Rex Manufacturing Co., 396 U.S. 258, 90 S.Ct. 417, 24 L.Ed.2d 405 (1969). The Board then computed a supplemental back pay specification for claims accruing after June 30, 1961. A panel of our court enforced that specification in J. H. Rutter Rex Manufacturing Co. v. NLRB, 473 F.2d 223 (5 Cir. 1973), cert. denied, 414 U.S. 822, 94 S.Ct. 120, 38 L.Ed.2d 55.

Thus over a period of about twenty years, Rutter Rex has actively contested the reinstatement orders and back pay awards at every turn. The company has now filed a claim under the Federal Tort Claims Act seeking to recover $144,-001.24—the claimed additional back pay liability incurred by the Board's unreasonable delay in filing the initial back pay specification.[1]

The government answered Rutter Rex's FTCA claim and moved to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1). The trial court denied the government's motion to dismiss, and the parties submitted the case to the trial court on a lengthy set of stipulations and deposition testimony. After considering the additional materials, the trial court ruled on the merits for the United States. The trial court felt that the Board's delay in the case was "deplorable" but declined to award Rutter Rex the requested damages. The court opined that the government's decision on allocation of its enforcement case load was a discretionary act within the meaning of 28 U.S.C. § 2680(a). Therefore the court ruled for the United States on the merits, and dismissed the complaint with prejudice.

The Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., makes a limited waiver of the government's sovereign immunity. 28 U.S.C. § 2674 provides that "The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages." 28 U.S.C. § 2680 provides the exception to this waiver of immunity that the trial court relied on: "The provisions of this chapter and section 1346(b) of this title [the jurisdictional statute for the Federal Tort Claims Act] shall not apply to—

(a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."

The discretionary function exception was originally given a broad sweep in

---

1. Rutter Rex computes this amount as the total back pay liability to the thirty-eight persons it had not reinstated as of the date of enforcement of the Board's order in 1957.

Dalehite v. United States, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953), where the Supreme Court relieved the United States of all liability for its actions in connection with the April 1947 Texas City disaster. But subsequent Supreme Court decisions substantially narrowed *Dalehite*'s reading of the discretionary function exception. *See* Rayonier, Inc. v. United States, 352 U.S. 315, 77 S.Ct. 374, 1 L.Ed.2d 354 (1957); Hatahley v. United States, 351 U.S. 173, 76 S.Ct. 745, 100 L.Ed. 1065 (1056); Indian Towing Co. v. United States, 350 U.S. 61, 76 S.Ct. 122, 100 L.Ed. 48 (1955).

■ The cases following *Dalehite* make clear that an absolutist interpretation of the discretionary function is improper. Smith v. United States, 375 F.2d 243 (5 Cir.), cert. denied, 389 U.S. 841, 88 S.Ct. 76, 19 L.Ed.2d 106 (1967). It is not sufficient for the government to demonstrate that some choice was involved in the decision-making process. That showing could be made in almost every case. Pigott v. United States, 451 F.2d 574 (5 Cir. 1971). The nature of the judgment must also call for the balancing of policy considerations. Griffin v. United States, 500 F.2d 1059 (3 Cir. 1974); Moyer v. Martin Marietta Corp., 481 F.2d 585 (5 Cir. 1973).

■ The stipulations show that the NLRB assigned the compliance phase of the Rutter Rex case to Edward Champagne two days after the panel decision enforcing the Board's order. (June 12, 1957). Champagne was told to handle the smaller Ozark Dam case first to gain experience. From June 12, 1957 through May, 1958, he spent twenty to twenty-five working days on the Rutter Rex case, then began working full time on the Ozark Dam case, completing it on March 24, 1959. From June 1, 1958 until August 31, 1959, no staff member worked on the Rutter Rex matter. Then a new compliance officer, John Immel, took over the case, and the matter received regular attention until the back pay specification's completion on November 4, 1961.

The evidence indicated that the New Orleans NLRB office was understaffed during the relevant period. The Board elected to have new and inexperienced member Champagne "cut his teeth" on smaller compliance matters before handling the Rutter Rex case, a major back pay case. This decision clearly involved public policy considerations—balancing of various cost-benefit considerations to advance the public interest. The NLRB could clearly have thought it was in the public interest to have Champagne gain experience before taking on the Rutter Rex case to insure full compliance with the back pay order in that major case. Thus the trial court correctly held that the discretionary function exception applied even if the NLRB abused its discretion in this case. *See* 28 U.S.C. § 2680(a).[2]

Affirmed.

---

**2.** Under 28 U.S.C. § 1346(b), the United States is liable for money damages caused by the negligent actions of its employees acting within the scope of their employment "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." The United States argues that Louisiana tort law provides no private analogue to the present action, hence no FTCA liability. *See* Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1962). *But see* Indian Towing Co. v. United States, 350 U.S. 61, 76 S.Ct. 122, 100 L.Ed. 48 (1955); Bankston v. United States, 480 F.2d 495 (5th Cir. 1973). Our decision on the discretionary function issues make consideration of this argument unnecessary.