865 F.2d 261
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gerald J. STREETER, Plaintiff-Appellant,
v.
NATIONAL LABOR RELATIONS BOARD, Defendant-Appellee.
 No. 88-1873.
 United States Court of Appeals, Sixth Circuit.
 Dec. 12, 1988.
 
 1
 Before MERRITT and RALPH B. GUY, Jr., Circuit Judges, and EDWARD H. JOHNSTONE, Chief District Judge.*
 
 ORDER
 
 2
 Plaintiff, Gerald J. Streeter, appeals the judgment of the district court which dismissed his cause of action brought pursuant to the Federal Tort Claims Act, 28 U.S.C. Sec. 2671 et seq. He now moves for leave to proceed in forma pauperis. Upon review of the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Plaintiff filed a complaint pursuant to 28 U.S.C. Sec. 2671 et seq. in the District Court for the Eastern District of Michigan. As the basis of his claim for monetary damages, he alleged that defendant, National Labor Relations Board, had failed to seek the enforcement of an award of backpay which he had obtained in consequence of his having prevailed in an unfair labor practices action against his former employer. In particular, plaintiff maintained that his former employer had filed a petition for bankruptcy and that defendant had failed to assert a claim in that proceeding which would have resulted in his receipt of a portion of the funds due him. In addition, plaintiff alleged that defendant then refused to seek enforcement of the backpay award against the successor in ownership of the property that had once belonged to his former employer.
 
 
 4
 Defendant responded to the complaint by filing a motion for summary judgment in which it first conceded its liability to the extent of $1,499, the amount which plaintiff would have received had a timely claim been filed in bankruptcy court. As to its refusal to seek further enforcement of the backpay award, defendant characterized that decision as an exercise of a discretionary function which could not give rise to a cause of action under the Federal Tort Claims Act due to the operation of 28 U.S.C. Sec. 2680(a). The district court agreed with that assessment and entered a judgment awarding plaintiff the amount of $1,499, but dismissing his remaining claim. Plaintiff subsequently filed this appeal.
 
 
 5
 After careful review of the record, the court concludes that the district court did not err in granting defendant's motion for summary judgment. See also J.H. Rutter Rex Mfg. Co. v. United States, 515 F.2d 97, 99 (5th Cir.1975) (per curiam), cert. denied, 424 U.S. 954 (1976). Accordingly, the motion for leave to proceed in forma pauperis is hereby granted and the district court's final judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Edward H. Johnstone, Chief U.S. District Judge for the Western District of Kentucky, sitting by designation